UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-24234-CIV-LENARD/GOODMAN

**WANDA GILBERT,**

    Plaintiff,

**v.**

**CITY OF MIAMI GARDENS,**

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

**THIS CAUSE** is before the Court on Defendant City of Miami Gardens' Motion for Judgment as a Matter of Law, ("Motion," D.E. 113), filed October 16, 2014. On October 17, 2014, the Court granted Defendant's Motion from the Bench. (Transcript (10/17/2014) at 1-3.) Upon review of the Motion and the record, the Court supplements its oral ruling as follows.

**I.  Background**

This case involves allegations of unpaid overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The evidence at trial revealed that Plaintiff, Wanda Gilbert ("Plaintiff"), worked as a crime intelligence analyst for Defendant, the

City of Miami Gardens ("the City"), from November 1, 2007 to October 22, 2010.[1] (**Rough** Transcript (10/15/14) at 70, 86.)

Plaintiff was responsible for preparing her own timesheets. (Transcript (10/16/2014) at 36.) Every time Plaintiff recorded overtime on her timesheet, the City compensated her for it. (Id. at 37-39.)

Until December 23, 2009, Plaintiff regularly recorded overtime on her timesheet. (Transcript (10/15/14) at 107.) Then, on January 11, 2010, her supervisor, Captain (now Major) Frank Trujillo, told her that: (1) she could not submit overtime due to budget concerns, (id. at 76); (2) if she needed to work overtime she must seek preapproval, (Transcript (10/16/14) at 46); and (3) if someone else granted her overtime she should inform Trujillo, (Transcript (10/15/14) at 76). Plaintiff testified that she continued to work overtime, but did not seek preapproval and did not record it on her timesheets. (Id. at 108.) No matter how long she actually worked, she only reported working eight hours per day on her time sheet. (Id. at 76-77.) However, she was occasionally permitted to work overtime, for which she was compensated. (Id. at 101, 108-11; see also Time Records, D.E. 67-3 at 1-7.)[2] She also testified that she "very seldom" saw Trujillo. (Id. at 117.)

During most of Plaintiff's tenure, Thaddeus Knight was the City's only other crime intelligence analyst. (Id. at 3, 71-72, 75.) Plaintiff testified that even before

---

[1] Plaintiff was officially terminated on January 3, 2011, but her last day of work was October 22, 2010. (See Transcript (10/16/14) at 18.)

[2] Although the overtime columns on the timesheets submitted via the Court's electronic filing system are illegible, counsel provided the Court with legible copies.

Knight left the City's employ on March 15, 2010, she came into work early and worked through lunch in order to complete her assignments.  (Id. at 74.)  After Knight left, she inherited some of his responsibilities and worked even longer hours.  (Id. at 74.)

At a meeting with her supervisors on August 30, 2010—the date Knight's replacement began working as the City's second crime intelligence analyst, (id. at 75)—Plaintiff informed the City that she had been coming into work early, working through lunch, and leaving late.  (Id. at 88-89.)

Plaintiff's last day of work was October 22, 2010.  (Transcript (10/15/2014) at 86.)  She filed her Complaint on November 29, 2012, alleging that the City failed to compensate her for overtime in violation of the FLSA.[3]  (See D.E. 1.)  The City filed a Motion for Summary Judgment arguing, inter alia, that Plaintiff's claim was barred by the FLSA's two-year statute of limitations.  (See D.E. 55 at 2.)  The Court denied the City's Motion for Summary Judgment, finding that whether Defendant "willfully" violated the FLSA—and thereby extended the statute of limitations to three years—was a jury question.  (See D.E. 96 at 9 (citing Maldonado v. Alta Healthcare Grp., Inc., __ F. Supp. 2d __, Case No. 6:12-cv-1552-Orl-36DAB, 2014 WL 1661265, *10 (M.D. Fla. Mar. 26, 2014) (collecting cases); Kuebel v. Black & Decker Inc., 643 F.3d 352, 366 (2d Cir. 2011)).

---

[3] The Complaint also alleged a violation of the Miami-Dade County Wage Theft Ordinance, Ord. No. 10-16, § 1, Miami-Dade County Florida (Feb. 18, 2010), codified in Chapter 22 of the Miami-Dade County Code.  However, the ordinance was never mentioned during trial or in the proposed jury instructions.  (See Joint Proposed Jury Instructions and Verdict Form, D.E. 115.)

On October 16, 2014, at the close of all the evidence, the City made the instant Motion for Judgment as a Matter of Law. (See Transcript (10/16/2014) at 51; see also D.E. 113.) It argued that there is no evidence upon which a jury could find a willful violation of the FLSA. (Id. at 52; D.E. 113 at 3.) On October 17, 2014, the Court granted the Motion from the bench, ruling as follows:

> THE COURT: . . . I find that there is no legally sufficient evidentiary basis for a reasonable jury to find for the Plaintiff on the application of the three-year statute of limitations as there is not legally sufficient evidence that any FLSA violation was willful or showed reckless disregard of conduct prohibited by the statute, nor is there legally sufficient -- a legally sufficient evidentiary basis that the city knew or had reason to believe that the reported information on the Plaintiff's time sheets were inaccurate.
>
> The uncontested evidence in this case clearly establishes that the Plaintiff filled out her time sheets and that she received all overtime that was reported from September 2009 to October 22nd, 2010, including before and after the August 30th or August 31st meeting.
>
> There is no evidence in the record that the swipe records were utilized by the city for computing time as a basis for pay.[4]
>
> There is no evidence in the record that the city or Plaintiff's supervisors encouraged or forced the Plaintiff to submit incorrect time sheets. In the light most favorable to the Plaintiff, the evidence is that her supervisor, Trujillo, either told her that the city didn't have money to pay overtime or she needed prior approval before overtime would be paid.
>
> Throughout the time period that the Plaintiff was employed, she submitted overtime and was paid for overtime. As authority for my ruling,

---

[4] Plaintiff presented evidence that the security access cards, which granted employees entry into various parts of the building in which she worked, recorded her "swiping" into the building before her 7:00 AM shift. According to the City's Motion in Limine, Plaintiff intended to call an expert witness to testify that Plaintiff arrived at work an average of eleven (11) minutes early every day, based upon the "swipe" records. (See D.E. 108.) Plaintiff did not call the expert to testify, and the Court denied the Motion in Limine as moot. (See Transcript (10/16/14) at 50-51.) Because there is no evidence that the City used the swipe cards to compute time as a basis for paying its hourly employees—indeed, employees did not "swipe" to exit the building when leaving work—the security access records are irrelevant.

4

> I cite the following cases: Newton versus city of Henderson, 47 F.3d 746, a 1995 decision by the Fifth Circuit Court of Appeals, in which the Fifth Circuit cites Brumbelow versus Quality Mills, Inc., 462 F.2d 1324, a 1972 decision by the Fifth Circuit.  And in the Newton case, the Fifth Circuit, citing Brumbelow below states, quote: In Brumbelow -- this is Page 74 the -- we acknowledged that an employee would not be estopped from claiming additional overtime -- and they're referring to an employee who submits their own time records or time sheets -- if -- and quoting from Brumbelow below: If the Court found that the employer knew or had reason to believe that the reported information was inaccurate.
>
> Based upon the evidence in this record, there is not legally sufficient evidence to find that the City of Miami Gardens knew, had reason to believe that the reported information was inaccurate on the time sheets that the Plaintiff herself filled out.
>
> In the light most favorable to the Plaintiff, on August 30th or 31st, in a meeting, she informed various people in the city that she had been coming in early and staying late. And subsequent to that time, she submitted time sheets that both didn't have overtime on it and did have overtime on it. And she was paid or compensated for that overtime. So based upon the totality of the evidence, I find that the Defendant's motion for judgment as a matter of law should be granted.

(Transcript (10/17/14) at 3.)  The Court adopts and supplements its oral ruling as follows.

## II.     Legal Standard

Federal Rule of Civil Procedure 50(a) permits a court to grant judgment as a matter of law on an issue when there is no "legally sufficient evidentiary basis to find for the [non-moving] party on that issue[.]"  The Court considers all the evidence presented at trial in the light most favorable to the non-moving party to determine "'whether the facts and inferences point so overwhelmingly in favor of the movant . . . that reasonable people could not arrive at a contrary verdict.'"  Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc., 162 F.3d 1290, 1308 (11th Cir. 1998) (quoting Pulte Home Corp. v. Osmose Wood Preserving, 60 F.3d 734, 739 (11th Cir. 1995)).  "The non-moving party

5

must provide more than a mere scintilla of evidence to survive a motion for summary judgment as a matter of law. If the non-moving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof, then the entry of judgment as a matter of law is appropriate." Webb-Edwards v. Orange Cnty. Sheriff's Office, 525 F.3d 1013, 1029 (11th Cir. 2008) (quoting Johnson Enters., 162 F.3d at 1308).

**III.   Discussion**

Plaintiff's final day of work for the City was October 22, 2010; she filed her Complaint over two years later on November 29, 2012. Thus, unless the three-year statute of limitations applies, the City is entitled to judgment as a matter of law.

"The statute of limitations for claims seeking unpaid overtime wages generally is two years, but if the claim is one 'arising out of a willful violation,' another year is added to it." Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1162 (11th Cir. 2008) (citing 29 U.S.C. § 255(a)). "To establish that the violation of the Act was willful in order to extend the limitations period, the employee must prove by a preponderance of the evidence that his employer either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was." Id. (citing McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988)). "The Code of Federal Regulations defines reckless disregard as the 'failure to make adequate inquiry into whether conduct is in compliance with the Act.'" Id. (citing 5 C.F.R. § 551.104).

The City argues that the two-year statute of limitations applies to Plaintiff's claim because there was insufficient evidence of a willful violation of the FLSA. (Motion at 2-

3.) Plaintiff argues that the City knew or showed reckless disregard for the FLSA's requirements, and that the three-year statute of limitations therefore applies. (See Motion Establishing Defendant's Willfulness, D.E. 110 at 3-4.)

"An employer does not have knowledge of uncompensated overtime when an employee submits time sheets showing such overtime did not occur." Gaylord v. Miami-Dade Cnty., 78 F. Supp. 2d 1320, 1325 (S.D. Fla. 1999) (citing Brumbelow v. Quality Mills, Inc., 462 F.2d 1324, 1327 (5th Cir. 1972)).[5] See also Allen v. Bd. of Public Educ. for Bibb Cnty., 495 F.3d 1306, 1319 (11th Cir. 2007) ("There is no violation of the FLSA where the employee performs uncompensated work but deliberately prevents his or her employer from learning of it."); Newton v. City of Henderson, 47 F.3d 746, 748-49 (5th Cir. 1995) (reversing FLSA award based on constructive knowledge where employer paid employee based on timesheets); Davis v. Food Lion, 792 F.2d 1274, 1277-78 (4th Cir. 1986) (affirming district court's judgment in favor of employer where employee falsely underreported hours worked); Forrester v. Roth's I.G.A. Foodliner, Inc., 646 F.2d 413, 414 (9th Cir. 1981) ("[W]here an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of § 207.").

The allegations in this case closely mirror those in Brumbelow, where the plaintiff testified that she was required to work more than eight hours a day to satisfy the

---

[5] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

minimum requirements of her job. Brumbelow, 462 F.2d at 1325. However, "she falsely reported to her employer" that she worked only eight hours per day. Id. She sued under the FLSA seeking unpaid overtime, and the district court granted a directed verdict for the employer. Id. The court of appeals affirmed, holding that the district court "correctly granted a directed verdict on the basis that the appellant was estopped and could not profit from her own wrong in furnishing false data to the employer." Id. at 1327. The court of appeals suggested, however, that an employee would not be estopped from claiming additional overtime if "[t]he court found that the employer knew or had reason to believe that the reported information was inaccurate." Id. Courts have also noted that an employee's "payroll forms would not be reliable indicators of the number of hours worked, if there was evidence to support the conclusion that the City encouraged or forced [the employee] to submit incorrect time sheets." Newton, 47 F.3d at 750; see also Allen, 495 F.3d at 1319 ("[W]hen an employer's actions squelch truthful reports of overtime worked, or where the employer encourages artificially low reporting, it cannot disclaim knowledge.").

Here, there is no evidence that the City knew or had reason to believe that the hours Plaintiff submitted on her timesheet were inaccurate. The undisputed evidence established that Plaintiff filled out her own timesheets, (Transcript (10/16/14) at 36), and that she "very seldom" saw her supervisor, Captain Trujillo, (Transcript (10/15/14) at 117). Until December 23, 2009, Plaintiff regularly recorded overtime on her timesheet, for which she was compensated accordingly. (Id. at 107.) On January 11, 2010, Captain Trujillo advised Plaintiff that: (1) she could not submit overtime due to budget concerns,

(id. at 76); (2) if she needed to work overtime she must seek preapproval, (Transcript (10/16/14) at 46); and (3) if someone else granted her overtime she should inform Trujillo, (Transcript (10/15/14) at 76).  After January 11, 2010, Plaintiff began recording overtime less frequently.  (Transcript (10/15/14) at 76, 101, 108-11.)  However, every time Plaintiff included overtime on her timesheet, the City compensated her for it. (Transcript (10/16/14) at 37-39.)  There is no evidence that the City encouraged or forced Plaintiff to submit incorrect timesheets, and Plaintiff fails to explain how the City knew she was working uncompensated overtime when: (1) she "very seldom" saw her supervisor; (2) her timesheets reported overtime hours; and (3) the City compensated her for all overtime hours reported.

In her "Motion Establishing Defendant's Willfulness," Plaintiff states that she "complained about the overtime abuses to the City and specifically to her supervisors[.]" (D.E. 110 at 3.)  This statement appears in the "Conclusion" section without an explanation, elaboration, or analysis.[6]  (See id.)  The Court notes that Plaintiff testified that at an August 30, 2010 meeting she informed the City that she had been arriving early, working through lunch, and staying late.  (Transcript (10/15/2014) at 88-89.) However, Plaintiff recorded overtime on her timesheets both before and after the August

---

[6] Plaintiff also asserts in the "Conclusion" section, without explanation, that "Defendant made no specific inquiries as to whether its policies towards employees, such as Plaintiff, were in compliance with the FLSA.  Under these circumstances, the Court is constrained to find Defendant's violation of the FLSA to be willful, based on Defendant's reckless disregard of the FLSA's requirements . . . ."  (Motion Establishing Defendant's Willfulness at 4.)  Plaintiff presented no evidence at trial that any of the City's policies towards its employees were in violation of the FLSA.  Thus, the Court finds that this statement is ambiguous at best, frivolous at worst, and the Court declines to address it.

30, 2010 meeting, (see D.E. 67-3), and she never advised the City that her timesheets were incorrect or that the City owed her unpaid overtime compensation. Indeed, it appears that she never requested unpaid overtime compensation until filing the Complaint in this case. Additionally, Plaintiff never corrected the falsified timesheets she had previously submitted, nor did she testify that the City encouraged or forced her to submit incorrect timesheets. Finally, there is no evidence that Plaintiff was uncompensated for any overtime worked after August 30, 2010—the day of the meeting and the day Thaddeus Knight's replacement began working as the City's second crime intelligence analyst. (See Transcript (10/15/14) at 75.) Plaintiff testified that the new analyst was not immediately able assume responsibility for completing certain time-consuming reports, so Plaintiff was required to complete them for the month of September. (Id.) However, Plaintiff explicitly testified that she requested, and received, overtime compensation for completing those reports. (Id.)

Based on all of the evidence, the Court is constrained to conclude that there is no legally sufficient evidentiary basis to find for Plaintiff on the issue of willfulness. Specifically, there was insufficient evidence for a reasonable jury to conclude that the City knew or showed reckless disregard as to whether it was violating the FLSA. Plaintiff prepared and submitted her own timesheets, and there was no evidence to suggest that the City "knew or had reason to believe that the reported information was inaccurate." Brumbelow, 462 F.2d at 1327. Nor was there evidence that the City squelched truthful reports of overtime worked, or encouraged artificially low reporting. See Allen, 495 F.3d at 1319; Newton, 47 F.3d at 750. Accordingly, there is insufficient

evidence upon which a reasonable jury could find the City willfully violated the FLSA, and therefore the two-year statute of limitations applies. See 29 U.S.C. § 255(a). Because Plaintiff filed her Complaint more than two years after her claim accrued, it is barred by the statute of limitations, and the City is entitled to judgment as a matter of law.

### IV.  Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

**(1)**  Defendant City of Miami Gardens' Motion for Judgment as a Matter of Law (D.E. 113) is **GRANTED**;

**(2)**  Judgment is hereby **ENTERED** in favor of the City of Miami Gardens and against Plaintiff Wanda Gilbert;

**(3)**  All pending motions with the exception of Plaintiff's Motion for New Trial (D.E. 117), filed November 7, 2014, are **DENIED AS MOOT**; and

**(4)**  This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 7th day of November, 2014.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**